# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

JAMES RAY PIKER,                                                                                            PLAINTIFF
REG. #14354-026

2:15CV00183-JLH-JTK

UNITED STATES OF AMERICA, et al.                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**I.      Introduction**

Plaintiff James Piker is a former federal inmate who filed this action pursuant to the Federal Tort Claims Act (FTCA), Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Americans With Disabilities Act (ADA), while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. (Doc. No. 1).  Defendants Federal Bureau of Prisons, Rivera, and Andrews, and Plaintiff's ADA claims, were dismissed on May 3, 2016 (Doc. No. 17).  Plaintiff's Bivens claims against Defendants Bushaw, Winbush, and Does, were dismissed on September 2, 2016 (Doc. No. 34).

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendant United States of America (Doc. Nos. 42-44). By Order dated June 27, 2017, this Court directed Plaintiff to file a Response, together with an updated Motion to Proceed in forma pauperis (IFP), within fifteen days (Doc. No. 45).[1]   The Court

---

[1] Plaintiff's address changed, indicating a release from incarceration, on February 27, 2017 (Doc. No. 36). Since the Court granted Plaintiff's original IFP motion while he was incarcerated, an updated IFP motion is needed for Plaintiff to continue with the prosecution of this action as a non-prisoner.

2

cautioned Plaintiff that if he failed to respond, all the facts set forth in Defendant's papers would be deemed admitted, or the case would be dismissed, for failure to prosecute. (Id.) As of this date, Plaintiff has not filed a Response or an updated IFP Motion.

**II.    Facts**

Plaintiff James Piker broke his hip in a fall in August 2012. (Doc. No. 11, p. 3). On December 1, 2013, Plaintiff refused an officer's order to stand during a count in his Unit, claiming that he was not able to stand due to medical issues. (Id.) Officers confiscated Plaintiff's wheelchair and placed Plaintiff in a Special Housing Unit (SHU), where Plaintiff was unable to retrieve his meals, or use the shower or restroom properly. (Id.) On December 5, 2013, Plaintiff was transferred to a handicapped cell without his wheelchair. (Id., p. 4)   Plaintiff claims the officers' actions constituted unnecessary and wanton infliction of pain and suffering. (Id., p.5)   Plaintiff filed this Complaint in November 2015 at the age of 72. (Id., p. 3)

**III.   Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

According to the Declaration of Lt. Billy Andrews, Plaintiff was placed in a lower bunk in a cell on the lower floor of the SHU on December 1, 2013. (Doc. No. 43-1, p. 71). Although no records exist as to whether Plaintiff arrived at the SHU with a wheelchair, a wheelchair would not have fit well into that cell. (Id., p. 72) Andrews further stated that it is more likely than not that Piker initially was placed in that cell because a handicap cell was not available, and that the cell he occupied was designed to meet the needs of inmates with physical limitations when a handicap cell is unavailable. (Id.) Officer Tyler Clarkson stated that he recalled feeding Plaintiff through the food slot in the door of the cell, and that Piker walked to the door while resting his shoulder against the wall of the cell. (Id., p. 74) Piker was transferred to a handicap cell the morning of December 5, 2013. (Id., p. 72).

Defendants also present copies of Plaintiff's medical records which show that prior to the incident in December, 2013, Plaintiff was able to walk with a cane, but also used a wheelchair. (Doc. No. 43-1, p. 26) Following a fall, a radiology report from July 8, 2013 showed no fracture of his knee, but abnormal joint effusion. (Id., p. 46) In August 2013, Plaintiff used a wheelchair,

but indicated no problems with his hip and no swelling in his legs. (Id., pp. 49-52)    On December 16, 2013, after Plaintiff was released from the SHU, he reported no new injuries. (Id., pp. 56, 57)  Finally, in the Administrative Tort Claim Plaintiff filed about this incident, Plaintiff stated that he suffered injury to his mental health or mental distress. (Id., pp. 5-8)    Based on all these records, Defendant states that Plaintiff cannot show any physical injury as a result of his stay in the SHU, and therefore, cannot prevail in a FTCA claim.    Defendant also notes that the undisputed facts as set forth in the declarations do not support Plaintiff's claims that he crawled on the floor of the cell to get his meals and use the bathroom.

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law.   See FED.R.CIV.P. 56(e)(2), (3).    The FTCA waives the sovereign immunity of the United States for negligent acts and omissions of federal employees while acting in the scope of their employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."    28 U.S.C. § 1346(b)(1), Therefore, the United States can be held liable "in the same manner and to the same extent as a private individual under like circumstances…." 28 U.S.C. §2674. However, in order to support a negligence claim, Plaintiff must allege and prove that the defendant breached a standard of care, that plaintiff suffered damages, and that defendant's actions proximately caused the damages.    Barriga v. Arkansas & Missouri R.R.Co., 79 Ark.App. 358, 360-361, 87 S.W.3d 808, 810 (2002).    And the FTCA further provides that a prisoner incarcerated for a felony conviction cannot bring a lawsuit against the federal government "for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a

sexual act." 28 U.S.C. § 1346(b)(2).   See also Shah v. United States of America, No. 4:15-CV-00161-SWW/BD, 2015 WL 7753846 (E.D.Ark.)

In this case, the undisputed facts show that for about five days, Plaintiff occupied a cell suited to meet the needs of inmates with physical limitations, where the bed was placed in the center of the room to provide greater accessibility to the toilet and door. (Doc. No. 43-1, p. 72) In addition, Plaintiff accepted food trays while standing, and moved to a handicap cell as soon as one became available. (Id., pp. 72, 74)   Finally, immediately after his SHU incarceration, Plaintiff reported no physical injuries, and alleged in the Administrative Tort Claim that he suffered an injury to his mental health. (Id., pp. 5, 56).   Therefore, based on all these undisputed facts, the Court finds as a matter of law that Plaintiff cannot prevail in this FTCA action absent an allegation or evidence of physical injury.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 42) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 19th day of July, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE